Donald **HORTON**, Libelant,

v.

**J. & J. AIRCRAFT, INC.**, a Florida corporation, and Harry A. Chance,
Respondents.

No. 66-112.

United States District Court
S. D. Florida.

July 18, 1966.

Nichols, Gaither, Beckham, Colson, Spence & Hicks, Miami, Fla., for libelant.

Smathers & Thompson, Miami, Fla., for respondents.

## ORDER DENYING MOTION TO DISMISS

MEHRTENS, District Judge.

This is a libel for damages for personal injury, not resulting in death, caused by a plane crash in the Atlantic Ocean on a flight from Sarasota, Florida to Georgetown, British West Indies. Jurisdiction of this court is invoked under 28 U.S.C. § 1333 relating to suits in admiralty and maritime. No diversity exists between the parties. Respondents have moved to dismiss the libel on the basis that there is no admiralty jurisdiction.

Neither counsel nor the Court has been able to find a case on point. Respondents rely on McGuire v. City of New York, 192 F.Supp. 866 (S.D.N.Y.1961), where it was held that there was no admiralty jurisdiction when an ocean bather at a public beach was injured by a foreign substance beneath the water. The Court in McGuire stated as the test that there must be a maritime location plus a maritime wrong for admiralty jurisdiction; there was a maritime location but no maritime wrong. The Court agrees with respondents that the instant case involves a maritime location but no maritime wrong. However, the Court questions the correctness of the test laid down in the McGuire case.

The libelant refers the Court to Weinstein v. Eastern Airlines, Inc., 316 F.2d 758 (3 Cir.); cert. denied, 375 U.S. 940, 84 S.Ct. 343, 11 L.Ed.2d 271 (1963), where admiralty jurisdiction was applied in a case involving death from a plane crash in navigable waters within one league of the United States. The Court in Weinstein rejected the McGuire test and analogized to the line of cases where the Federal Courts have taken admiralty jurisdiction of deaths due to plane crashes under the Death on the High Seas Act, 46 U.S.C. § 761. E. g., Trihey v. Transocean Air Lines, Inc., 255 F.2d 824 (9 Cir.); cert. denied, 358 U.S. 838, 79 S.Ct. 62, 3 L.Ed.2d 74 (1958). This Court agrees with the rationale of Weinstein.

In addition it should be noted that the Supreme Court has held that in tort, admiralty jurisdiction depends entirely on locality. Atlantic Transport Co. of West Virginia v. Imbrovek, 234 U.S. 52, 59, 34 S.Ct. 733, 58 L.Ed. 1208 (1914). Furthermore, in Notaican v. Trans World Airlines, Inc., 244 F.Supp. 874 (W.D.Pa. 1965), admiralty jurisdiction was present where a tort occurred in an airplane over the ocean and there was no contact with the water. It is therefore

Ordered and adjudged that the motion to dismiss is denied.